STATE of Missouri, Respondent,

v.

Steven J. STRAUSS, Appellant.

Nos. WD 48732, WD 49738.

Missouri Court of Appeals,
Western District.

March 7, 1995.

Gary E. Brotherton, Office of the Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michelle A. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and ELLIS and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Defendant-appellant Steven Strauss appeals from a judgment of the Circuit Court of Henry County convicting him of two counts of receiving stolen property, a class C felony under section 570.080, RSMo 1986. Mr. Strauss was sentenced to twenty years imprisonment on each count, to be served concurrently. On appeal, Mr. Strauss contends that (1) the trial court abused its discretion in overruling his pretrial motion to sever, (2) the trial court erred by submitting jury instructions which incorrectly defined reasonable doubt, and (3) the post-conviction motion court erred by not finding that Mr. Strauss' post-conviction counsel abandoned him and thus failed to comply with Rule 29.15(e).

We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant on appeal are as follows:

Mr. Strauss was convicted on two separate counts of receiving stolen property. On April 13, 1992, a 1985 Black Silverado pick-up worth approximately $6,000.00 was stolen from a parking lot at the owner's place of work. At approximately 10:30 p.m. on April 16, 1992, Bill Huston, an undercover police officer for West Central Missouri Task Force, purchased the same 1985 Silverado pickup from Mr. Strauss for $900.00. Mr. Strauss informed the undercover officer that he would page the undercover officer if he got any more "stolen vehicles."

At approximately 8:45 p.m. on April 16, 1992, Mr. Strauss paged Officer Huston and informed him he had a 1987 Dodge 4 × 4 that he wanted to sell. They agreed to meet that night at 10:30 p.m. That night a 1987 Dodge 150 truck was stolen from a parking lot at an apartment complex sometime after 10:00 p.m. At approximately 10:30 p.m., Officer Huston purchased the same Dodge truck from Mr. Strauss for $1,000.00. Mr. Strauss did not have the keys for the truck so a screwdriver was used to start the engine.

Mr. Strauss did not offer any evidence in his defense at trial. At the close of all the evidence, the jury found Mr. Strauss guilty of two counts of receiving stolen property. Mr. Strauss raises three points on appeal.

## II.  LEGAL ANALYSIS

### A.  *Severance of Counts*

In his first point, Mr. Strauss argues that the trial court erred in overruling his motion to sever the two offenses. Mr. Strauss contends that he was unduly prejudiced because trying the counts together allowed the jury to consider evidence of his guilt on one count as evidence of his guilt on the other count. Mr. Strauss also contends that he may have testified as to one of the offenses if tried separately but he was precluded from doing so because the offenses were tried together.

An appellate court normally reviews a claim for severance of offenses by examining two issues. *State v. Sims*, 764 S.W.2d 692, 696 (Mo.App.1988). First, the court must determine whether the offenses were properly joined in the indictment under Rule 23.05; second, the Court must determine whether severance should have been ordered under Rule 24.07.

[J]oinder addresses the more basic question of what crimes can be charged in a proceeding while severance presupposes proper joinder and leaves to the discretion of the trial court the determination of whether prejudice may or would result if charges properly joined were tried together.

*State v. Harris,* 705 S.W.2d 544, 547 (Mo. App.1986). Mr. Strauss concedes that the two counts were properly joined in this case. Therefore, we proceed to determine whether severance should have been granted.

Denial of a motion to sever will be reversed only if the defendant can show both an abuse of discretion and a "particularized showing of substantial prejudice." Rule 24.07(b); *State v. Olds,* 831 S.W.2d 713, 719 (Mo.App.1992); *Sims,* 764 S.W.2d at 697. Section 545.885, RSMo 1994, defines "substantial prejudice" as "a bias or discrimination against the defendant or the state which is actually existing or real and not one which is merely imaginary, illusionary, or nominal."

■ In determining whether to grant a motion to sever, the trial court weighs the benefits of trying the offenses simultaneously and thereby saving judicial time against the potential prejudice to appellant. *Olds,* 831 S.W.2d at 719. In assessing prejudice, the court should consider, among other relevant factors, "the number of offenses charged, the complexity of the evidence to be offered, and whether the trier of fact can realistically distinguish the evidence and apply the law intelligently to each offense." *Sims,* 764 S.W.2d at 697.

■ Mr. Strauss alleges that trying the counts together allowed the jury to hear evidence of his guilt on one count as evidence of his guilt on another count, citing *State v. Davis,* 738 S.W.2d 517, 518 (Mo.App.1987). Rejecting a similar argument, *State v. Johnson,* 753 S.W.2d 576 (Mo.App.1988), held that the mere fact that evidence of one crime would not be admissible as proof of another crime if the two were tried separately does not mandate severance, for if it did the rule

allowing joinder of offenses would be unduly undermined. While *Johnson* cautioned that "trial courts must be alert to the danger that a jury may use the cumulative evidence of all crimes to convict an accused of a particular crime where the evidence of that crime alone is insufficient," the court added that this "danger disappears when the accused's conduct on several separate occasions can properly be examined in detail, and the only consideration is whether the trial as a whole may not become too confused for the jury." *Id.* at 586 (citations omitted).

In *State v. Meder,* 870 S.W.2d 824, 830 (Mo.App.1993), this Court stated it would follow the rule as stated in *Johnson* rather than that stated in *Davis.* The Missouri Supreme Court recently utilized this same rule in *State v. Conley,* 873 S.W.2d 233 (Mo. banc 1994). *Conley* recognized that the fact that evidence of each crime would have been inadmissible propensity evidence if the crimes were tried separately is a "relevant factor in the determination of prejudice." *Id.* at 238. However, the Supreme Court went on to note that:

[A]ny prejudice may be overcome where the evidence is sufficiently simple and distinct to mitigate the risk of joinder. *United States v. Halper,* 590 F.2d 422, 431 (2d Cir.1978). Such questions of severance are left to the sound discretion of the trial court.

*Conley,* 873 S.W.2d at 238–39.

In the present case, the facts relevant to each offense were not complex and the proof offered on each charge was distinct and uncomplicated. The evidence consisted simply of the testimony of the two victims and the officers who purchased the stolen vehicles. In addition, the elements of each offense were clearly set out in separate instructions and the court instructed the jury to consider each charge separately. Therefore, the trial court's decision to save judicial time by trying the offenses simultaneously did not prejudice Mr. Strauss and was not an abuse of discretion.

Even had an abuse of discretion been shown, however, Mr. Strauss has failed to

make a particularized showing of prejudice. Mr. Strauss argues only that he was prejudiced because he "may" have wanted to testify as to one offense but not the other. *State v. Harris,* 705 S.W.2d 544 (Mo.App.1986), specifically held that a statement by defendant that he intended to testify as to one offense does not constitute a particularized showing of prejudice. *Id.* at 550–51. In any event, Mr. Strauss could have testified as to one offense and claimed his Fifth Amendment right against self-incrimination when cross-examined about the other offense, as did the defendant in *State v. White,* 755 S.W.2d 363, 368 (Mo.App.1988) (defendant was not prejudiced where he testified as to one offense and successfully invoked his Fifth Amendment right when cross-examined on the second offense). Point I is denied.

### B. *Jury Instructions*

■ In his second point Mr. Strauss argues that it was error for the trial court to submit Instruction No. 4, patterned after MAI–CR3d 302.04, which defines "reasonable doubt" as "proof that leaves you firmly convinced of the defendant's guilt." Mr. Strauss contends that "firmly convinced" improperly lowers the standard of proof below the "reasonable doubt" standard required for conviction.

The identical challenge to the definition of "reasonable doubt" has been consistently and repeatedly denied by the Missouri Supreme Court. *See State v. Ervin,* 835 S.W.2d 905, 924 (Mo. banc 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993); *State v. Waller,* 816 S.W.2d 212, 218 (Mo. banc 1991). Each of these cases holds that the "firmly convinced" language utilized in defining "reasonable doubt" in instructions patterned after MAI–CR3d 302.04 is constitutionally sound. Furthermore, the Missouri Supreme Court has held that such jury instructions conform with the decision of the United States Supreme Court in *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), in that they merely explain "reasonable doubt" to the jury and clearly require that the jury find the defen-

dant guilty beyond a reasonable doubt. In contrast, the charge in *Cage* equated proof beyond a reasonable doubt with a lower standard. *See State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993). Point II is denied.

### C. *Compliance with Rule 29.15(e)*

■ In his final point Mr. Strauss alleges that his post-conviction counsel abandoned him by failing to file an amended Rule 29.15 motion and by failing to request an evidentiary hearing. He further alleges that the motion court clearly erred by failing to make a record of his post-conviction counsel's compliance with Rule 29.15(e) as required by *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991). Rule 29.15(e) provides that:

> When an indigent movant files a *pro se* motion, the court shall cause counsel to be appointed for movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds know to him as a basis for attacking the judgment and sentence.

The standard of review of a denial of a motion alleging that movant's counsel failed to comply with the requirements of Rule 29.15(e) is limited to a determination of whether the findings and the conclusions of the motion court are clearly erroneous. Rule 29.15(j). To be clearly erroneous, examination of the entire record must leave the appellate court "with the definite and firm impression that a mistake has been made." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987), *cert. denied,* 493 U.S. 898, 110 S.Ct. 252, 107 L.Ed.2d 201 (1989).

■ Allegations of ineffective assistance of post-conviction counsel generally do not provide a basis for appeal, but an exception exists where motion counsel has abandoned the movant. Motion counsel is not considered to have abandoned the movant just because counsel determines not to file an amended motion. Numerous cases have held that motion counsel has fulfilled the requirements of Rule 29.15 if counsel reviews the

record, determines that the *pro se* motion contains all possible grounds for relief and sufficient factual support, and files an affidavit specifically stating that counsel has reviewed the record, investigated the allegations and concluded that there are no additional grounds. *State v. Shields*, 862 S.W.2d 503, 506 (Mo.App.1993). Only if the record lacks any indication as to whether motion counsel met the requirements of Rule 29.15(e) is the motion court required to make a *sua sponte* inquiry as to whether the actions of motion counsel comply with Rule 29.15. *Luleff*, 807 S.W.2d at 498.

■ In this case, the record provides an adequate basis for determining whether motion counsel complied with Rule 29.15. It shows that defendant Mr. Strauss filed a *pro se* Rule 29.15 motion on March 3, 1994. According to Mr. Strauss, the allegations contained in his motion were conclusory and required amendment. However, Mr. Strauss' post-conviction counsel filed an "Affidavit of Counsel and Notice of Waiver of Amended Motion and Submission of Case on the Pleadings" which provided that:

> [H]aving reviewed the court's file, file of the trial attorney, and transcripts in the underlying criminal case and this post-conviction file, and having also inquired of movant regarding any additional claims and facts know to him, [motion counsel] does hereby advise the Court that she is not aware of any additional meritorious or colorable claims or facts which may be added in an amended motion on movant's behalf in this matter, and that movant's *pro se* motion includes all claims known to movant or counsel at this time. Counsel advised Mr. Strauss on the claims presented in his *pro se* motion, and risks and consequences attendant to success in his request for post-conviction relief. Accordingly, affiant requests that the motion court take judicial notice of movant's *pro se* motion, and its files in the criminal and post-conviction cases, and consider the cases submitted on the pleadings.

The above affidavit demonstrates that Mr. Strauss' counsel reviewed the record, investi-

gated the allegations, and concluded there were no additional grounds for relief. This is sufficient to show that counsel complied with the mandates of Rule 29.15(e). *Shields*, 862 S.W.2d at 506; *Thurlo v. State*, 841 S.W.2d 770, 771–72 (Mo.App.1992). No other action by the trial court or counsel was required. Point III is denied.

Judgment affirmed.

All concur.