**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Kipp L. BECHHOLD, Defendant–
Appellant.**

No. 24209.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 29, 2002.

Nancy A. McKerrow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, and Breck K. Burgess, Assistant Attorney General, Jefferson City, for respondent.

ALMON MAUS, Senior Judge.

Count I of an amended information charged that Kipp L. Bechhold ("Defendant") on September 28, 2000, committed the class C felony of tampering in the first degree in violation of Section 569.080.1(2),[1] by knowingly and without the consent of the owner possessing a 1990 Dodge Caravan. Count II charged that Defendant on September 28, 2000, committed the class B felony of attempting to manufacture methamphetamine, a controlled substance, in violation of Section 195.211 by compounding and processing necessary ingredients to produce it, knowing that it was a controlled substance.

Defendant filed a Motion for Severance of Offenses. The motion was denied. After a lengthy trial the jury found Defendant guilty upon both counts. Defendant was sentenced to seven years in custody upon Count I (tampering) and to ten years upon Count II (attempt to manufacture), to be served concurrently.

Defendant does not question the sufficiency of the evidence. Only a summary is necessary for the consideration and disposition of this appeal. The State's evidence showed that on September 28, 2000, officers of the Neosho Police Department were dispatched to the scene of a reported domestic disturbance at the apartment of Troy Sudenburg ("Sudenburg"). As one officer approached, Sudenburg ran from the apartment. Defendant was found hiding in a closet in a back bedroom of the apartment.

The apartment contained a working methamphetamine laboratory, including manufacturing and consumption paraphernalia. There was a strong chemical odor in the apartment, strong enough to burn the eyes of the officers. Breathing apparatus and chemical suits were required to perform a search of the apartment. Defendant's fingerprints were on some of the methamphetamine paraphernalia. A green bag belonging to Defendant contained ingredients used to manufacture methamphetamine.

The officers observed a Dodge Caravan bearing Oklahoma license plates at the scene. They determined the plates were not issued for that vehicle. They also learned that the vehicle had been stolen in Joplin. When Defendant was placed under arrest an officer picked up a sweatshirt Defendant had taken off. The keys to the Dodge were in the pocket of that sweatshirt. A baggie, which held .32 grams of a substance containing methamphetamine, was stuffed behind the license plate of the Dodge.

In his statement to the officers Defendant admitted that around Labor Day he had taken the Dodge from a garage where it had been left for repairs. He said, however, that he didn't steal it, as he intended to return it. Defendant admitted that he owned the green bag that con-

---

**1.** All references to statutes are to RSMo 2000 and all references to rules are to Missouri Rules of Criminal Procedure (2001), unless otherwise indicated.

tained the ingredients for methamphetamine.

Defendant testified at trial. He admitted that he had two prior felony convictions, and said he was hiding in the closet because of outstanding warrants for failure to pay some fines. Defendant said he did not steal the Dodge, although he told the police that he had taken it. He said that he had the key in his pocket to protect his girlfriend. He also testified that he had no idea who put the red phosphorus and iodine powder in his green bag.

Defendant's sole point on appeal is that the trial court erred in overruling his motion to sever the counts for trial. He contends the joinder violated his constitutional rights and was improper because the offenses were not of the same character nor were they part of the same transaction or common scheme or plan, since the tampering was wholly unrelated to the manufacturing of a controlled substance. He adds that evidence of the tampering would have been inadmissible in a trial on the manufacturing charge and therefore he suffered substantial prejudice by reason of the joint trial.

■ Defendant, in his motion for severance and in his brief, repeatedly asserts that the failure to grant separate trials deprived him of his constitutional rights.

That assertion has no merit. It has been repeatedly held that there is no constitutional right to a separate trial. "A defendant does not have a federal or state constitutional right to be tried on only one offense at a time." *State v. Baker*, 524 S.W.2d 122, 126 (Mo. banc 1975). *See also State v. Olds*, 831 S.W.2d 713, 719 (Mo. App. E.D.1992); *State v. Bextermueller*, 643 S.W.2d 292, 295 (Mo.App. E.D.1982).

■ The motion for severance, as distinguished from Defendant's brief, does not expressly present the issue of whether or not the two offenses were properly charged in one information. Nevertheless, that issue is raised by implication and must be considered. If the offenses were improperly joined in the indictment, prejudice is presumed from a joint trial and the trial court erred in overruling the motion for severance.[2]

■ Joinder is governed by Rule 23.05 which provides:

All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions *that are connected* or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.[3] (emphasis added.)

---

**2.** Whether joinder is proper or improper is a question of law. *See* Rule 23.05; *State v. Simmons*, 815 S.W.2d 426, 430 (Mo. banc. 1991). If joinder is improper, then severance is required. *State v. Morrow*, 968 S.W.2d 100, 109 (Mo. banc 1998).

**3.** Section 545.140.2 provides: "Notwithstanding Missouri supreme court rule 24.07 [which deals with severance for trial] two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the same or similar character or are based on the same

act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Article V, § 5 of the Constitution of Mo. invests the Supreme Court with power to establish rules "relating to practice, procedure and pleading for all courts."

The rule permitting joinder is not unconstitutional. *Cherry v. State*, 660 S.W.2d 361 (Mo.App. E.D.1983); *State v. Buford*, 582 S.W.2d 298, 301 (Mo.App. W.D.1979).

Where the legislature has enacted a statute pertaining to a procedural matter which is not addressed by or inconsistent with any supreme court rule, the statute must be en-

■ Two basic precepts are to be followed in determining if a joinder was authorized by statute. First, "[j]oinder is proper if any one of the criteria in the [Rule] governing joinder of offenses exists." *State v. Meder,* 870 S.W.2d 824, 828 (Mo.App. W.D.1993). *See also State v. Clark,* 729 S.W.2d 579, 581 (Mo.App. E.D. 1987), *cert. denied,* 507 U.S. 962, 113 S.Ct. 1389, 122 L.Ed.2d 764 (1993). Second, in determining whether there has been a misjoinder of offenses under Rule 23.05 only the State's evidence is considered. *State v. Smith,* 682 S.W.2d 861, 863 (Mo.App. E.D.1984). Liberal joinder of criminal charges is favored in the interest of judicial economy. *State v. Terry,* 928 S.W.2d 879, 885 (Mo.App. E.D.1996).

The criterion most often invoked to authorize joinder is that the offenses were part of a common scheme or plan, or were products of a single motive. *State v. McCrary,* 621 S.W.2d 266, 271 (Mo.banc 1981); *Smith,* 682 S.W.2d at 864. It is not necessary to determine if the joinder in this case is proper under that criterion.

■ Rule 23.05 authorizes joinder if the acts or offenses "are connected." This criterion is not defined. While ambiguous criminal statutes are to be construed against the state, the court is not required to ignore common sense or the evident statutory purpose. *State v. Knapp,* 843 S.W.2d 345 (Mo. banc 1992). "Absent statutory definition, words used in statutes are given their plain and ordinary meaning with help, as needed, from the dictionary." *American Healthcare Management, Inc. v. Director of Revenue,* 984 S.W.2d 496, 498 (Mo. banc 1999). *See also State v. Schleiermacher,* 924 S.W.2d 269, 276 (Mo. banc 1996).

■ Here, Defendant was hiding in a closet in an apartment with the apparatus and ingredients for the manufacture of methamphetamine, it was obvious that methamphetamine had been "cooked" in the apartment, and Defendant possessed and used a stolen car containing methamphetamine to get to the apartment. Under these circumstances, the two offenses were "connected" within the ordinary meaning of that term. *Compare Morrow,* 968 S.W.2d at 109, in which the charges of murder, robbery, stealing a car and stealing a purse were found to be "all connected" and properly joined. The two charges against the defendant were properly joined in separate counts in the amended information.

That being so, the court must determine if the trial court erred in denying Defendant's motion for severance. Rule 24.07 provides:

When a defendant is charged with more than one offense in the same indictment or information, the offenses *shall be tried jointly* unless the court orders an offense to be tried separately. An offense shall be ordered to be tried separately *only if:*

(a) A party files a written motion requesting a separate trial of the offense;

(b) A party makes a particularized showing of substantial prejudice if the offense is not tried separately; and

(c) The court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense.[4] (emphasis added.)

forced. *State ex rel. Kinsky v. Pratte,* 994 S.W.2d 74, 76 (Mo.App. E.D.1999).

**4.** Section 545.885 in part provides:

1. Notwithstanding Missouri supreme court rule 24.07, whenever two or more offenses are jointly charged in an indict-

"Severance is proper only if the defendant shows that he will suffer substantial prejudice if the offenses are not tried separately and the court finds the existence of bias or discrimination requiring separate trials of the offenses." *Morrow*, 968 S.W.2d at 109. "The decision regarding severance is left to the sound discretion of the trial court." *Id.*[5] "No abuse of discretion exists in denying a motion to sever if the motion does not state sufficient facts demonstrating a particularized showing of substantial prejudice as required by both § 545.885.2 and Rule 24.07(b)." *State v. Kelley*, 953 S.W.2d 73, 81 (Mo.App. S.D.1997).

Defendant's motion to sever recited the charges and alleged they were joined for trial. In addition to general allegations concerning the ends of justice and the violations of Defendant's constitutional rights, the essential allegations of that motion were:

4. Joinder of these offenses would result in substantial prejudice to [Defendant] because the jury would likely consider evidence of guilt on one charge as evidence of guilt on another charge.

5. Defendant may wish to testify on one charge, but not the other.

Severance of offenses upon the basis of a motion is proper only where the defendant shows he will suffer substantial prejudice if the offenses are not tried separately. *Morrow*, 968 S.W.2d at 109. As stated, the decision is within the sound discretion of the trial court. *State v. Spencer*, 50 S.W.3d 869 (Mo.App. E.D. 2001). The general allegation of resulting substantial prejudice does not present a basis for finding a denial of the motion to be an abuse of discretion.[6] "[T]he mere fact that juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one does not call for severance." *Spencer*, 50 S.W.3d at 879 (quoting *State v. Johnson*, 753 S.W.2d 576, 586 (Mo.App. S.D.1988)). The general allegation that the jury would likely consider evidence of guilt on one charge as evidence of guilt on another

---

ment or information, the court shall order both or all offenses to be tried together.
2. If it appears that a defendant or the state is substantially prejudiced by a joinder of the offenses for trial, upon a written motion of the defendant or the state and upon a particularized showing of substantial prejudice, the court may grant a severance of offenses or provide whatever relief justice requires. For purposes of this section, "substantial prejudice" shall mean a bias or discrimination against the defendant or the state which is actually existing or real and not one which is merely imaginary, illusionary or nominal.

5. "For there to have been an abuse of discretion, three things must have occurred. A written motion requesting separate trial of a particular offense must have been filed and denied. Defendant must have demonstrated to the trial court that he was subject to substantial prejudice if the offenses were tried together. There must have been a showing of bias or discrimination against the defendant

that required a separate trial." *State v. Tripp*, 939 S.W.2d 513, 518 (Mo.App. S.D.1997).

6. In *State v. McFall*, 737 S.W.2d 748, 752 (Mo.App. S.D.1987), the defendant's "motion for severance recited as reasons for the request that (1) joinder of the offenses would result in his substantial prejudice because the jury would likely consider evidence of guilt on Count IV as evidence of guilt on other counts, (2) he might wish to testify as to one of the counts but not to the others, and (3) the ends of justice would be served by granting the severance because his interest in receiving a fair trial on all counts outweighed the state's interest in a speedy disposition of all charges.

The motion does not allege sufficient facts to convict the trial court of error through failure to sustain it. In such cases, it has been held that there was no abuse of discretion in failing to sustain the motion to sever." *See also State v. Williams*, 603 S.W.2d 562, 568 (Mo.1980); *State v. Williamson*, 668 S.W.2d 597, 600 (Mo.App.W.D.1984).

charge does not meet the requirement of a particularized showing of substantial prejudice.[7]

Nor does the motion present a cause for severance by reason of the general allegation that Defendant may wish to testify on one charge, but not the other. "Even under Rule 14 of the Federal Rules of Criminal Procedure and the decisions of federal courts upon which defendant relies, 'it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine....'" *State v. Seagraves,* 700 S.W.2d 95, 99 (Mo.App. E.D.1985). *See also State v. McNaughton,* 924 S.W.2d 517, 529 (Mo. App. W.D.1996); *Williamson,* 668 S.W.2d at 600. He is not aided in meeting this requirement by the speculation in his brief that if the counts had been severed he could have testified in the tampering trial to explain his confession to the officers and not been forced to testify concerning his three prior convictions, including involvement with a controlled substance, and attempt to explain away the methamphetamine charge.[8] The observation has been made that "[t]he court remains under a continuing duty during trial to counter prejudice and order severance if necessary

to achieve the fair result intended." *State v. Duren,* 556 S.W.2d 11, 20 (Mo. banc 1977). That observation is made in the context of the conduct of the trial resulting in fundamental unfairness under the due process clauses of the Fourteenth Amendment to the United States Constitution and Article I, § 10 of the Missouri Constitution. *State v. Cook,* 673 S.W.2d 469, 471 (Mo.App. E.D.1984). That situation is far from the facts in this case. No such contention has been, nor could it be made, in this case. This observation does not aid Defendant in establishing that his motion met the mandatory standards of Rule 24.07 by pleading a particularized showing of substantial prejudice.

Moreover, severance is within the sound discretion of the trial court. *State v. Conley,* 873 S.W.2d 233, 238 (Mo. banc.1994). Denial of a motion to sever will only be reversed upon a showing of both an abuse of discretion and a clear showing of prejudice. *Olds,* 831 S.W.2d at 719. In determining if prejudice exists, the court should consider, among other relevant factors, the number of offenses charged, the complexity of the evidence offered, and whether the trier of fact can realistically distinguish the evidence or apply the law to each offense. *State v. Strauss,* 893 S.W.2d 890, 892 (Mo.App. W.D.1995). In this case, the elements of

---

7. *See State v. Hyman,* 37 S.W.3d 384, 394 (Mo.App. W.D.2001), where the court held that the defendant's allegation was "a mere generalized complaint that he might have had a better chance for acquittal in separate trials. This complaint fails to make any particularized showing of substantial prejudice."

8. "Moreover, the privilege against self-incrimination as protected by the 5th Amendment to the United States Constitution and by Article I § 19 of the Missouri Constitution, is that no person shall be 'compelled' to be a witness or to testify against himself in a criminal case. As stated in *McGautha* [*v. California,* 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971)]:

The criminal process, like the rest of the legal system, is replete with situations requiring 'the making of difficult judgments' as to which course to follow (citation omitted). Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose.... It does no violence to the privilege that a person's choice to testify in his own behalf may open the door to otherwise in admissible evidence which is damaging to his case." *State v. Seagraves,* 700 S.W.2d 95, 98–99 (Mo.App. E.D.1985).

the two offenses were distinct. The evidence necessary to convict Defendant for possession of a stolen vehicle charge was distinct from that necessary to convict for the attempt to manufacture methamphetamine. There is no reason to think the jury could not distinguish the evidence relevant to each charge and apply the law to each. *See Hyman,* 37 S.W.3d at 394.

The judgment is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.