**STATE of Missouri, Respondent,**

v.

**Keith D. BUTCHEE, Appellant.**

No. 28821.

Missouri Court of Appeals,
Southern District,
Division Two.

June 17, 2008.

Ellen H. Flottman, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary H. Moore, Jefferson City, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Keith D. Butchee ("Appellant") appeals his conviction by a jury for one count of the Class C felony of possession of a controlled substance, a violation of section 195.202; one count of the Class B felony of distribution of a controlled substance, a violation of section 195.211; and one count of the Class C felony of maintaining or keeping a public nuisance, a violation of section 195.130.[1] Following a jury trial, Appellant was sentenced by the trial court to seven years in the Missouri Department of Corrections for possession of a controlled substance and fifteen years for distribution of a controlled substance with the sentences to run consecutively. Appellant was also sentenced to three years for maintaining or keeping a public nuisance with the sentence to run concurrently with his other two sentences. In his sole point relied on, Appellant asserts the trial court erred in overruling his motion to sever the four counts against him prior to his jury trial.

Appellant does not challenge the sufficiency of the evidence to support his conviction. Viewing the evidence in the light most favorable to the jury's verdict, *State v. Hall*, 236 S.W.3d 698, 699 (Mo.App. 2007), the record reveals that on the evening of July 12, 2006, the Special Response Team of the Springfield Police Department executed a search warrant on a home located in Springfield, Missouri. Having entered the home forcefully with a metal ram, the officers took six individuals, including Appellant, into custody. Officer Tatem Dewitt ("Officer Dewitt") advised Appellant of his Miranda[2] rights and interviewed him at that time. Appellant acknowledged he owned certain "rocks" of crack cocaine, crack pipes, marijuana pipes, and marijuana discovered by the officers inside the home.[3] Appellant also told Officer Dewitt that he had been selling crack cocaine for "[t]wo to three weeks" and that "he sold a 20 here and a 20 there," which, according to Officer Dewitt, meant "[a] $20 rock of crack cocaine." Appellant was thereafter arrested and charged with possession of a controlled substance.

Six weeks later, on August 31, 2006, Officer John Stuart ("Officer Stuart"), who was familiar with Appellant, saw Appellant leave the second floor balcony of The Budget Inn on Glenstone Avenue in Springfield, Missouri, and walk toward a nearby service station. Officer Stuart made contact with Appellant because, according to Officer Stuart, that particular motel had a "significant issue about trespassing." Appellant indicated to Officer Stuart that he was staying in Room 225 at The Budget Inn with his girlfriend, Mary, and that a woman named Ruth had rented the room for them. Appellant allowed Officer Stuart to search his person, which revealed no illegal items, and Appellant continued toward the service station.

Officer Stuart then went to Room 225 of The Budget Inn and knocked on the door, which was opened by Mary. As Officer

---

1. The jury found Appellant not guilty of the Class A felony of trafficking in the second degree under section 195.223.

    All statutory references are to RSMo 2000 and all rule references are to Missouri Court Rules (2006).

2. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. The substance seized from the home was determined to be crack cocaine and the individual rocks weighed .02 grams and .25 grams.

Stuart spoke to Mary, Appellant returned to the room. Officer Stuart then asked permission to search the room and Appellant initially refused permission because neither he nor Mary had technically rented the room. From his position in the doorway, Officer Stuart could see a marijuana cigarette on the nightstand along with several boxes of baseball cards. Appellant admitted the baseball cards belonged to him, but he stated the marijuana had been in the room when they arrived. Mary then informed Officer Stuart the marijuana belonged to her. Appellant and Mary then gave him permission to enter the room to seize the marijuana cigarette. According to Officer Stuart, while he was in the room he saw an ashtray on the bed which contained a glass pipe, bronze wool, and cocaine residue; more bronze wool lying on top of a purse; a marijuana pipe with residue inside the purse; a metal spoon on the floor which contained white residue; a bag of marijuana and a crack pipe inside a sock in one of the baseball card boxes; and a cylindrical "poster container" containing 38 packets of crack cocaine.[4] Mary also informed Officer Stuart the 38 packets of crack cocaine belonged to her. As a result of this incident Appellant was charged with trafficking in the second degree and keeping or maintaining a public nuisance as previously set out.

Thereafter, on October 6, 2006, Officer Jimmy Andela ("Officer Andela"), an undercover narcotics officer, was introduced to Appellant by a confidential informant. The confidential informant related to Officer Andela that he would be able to buy crack cocaine from Appellant. Officer Andela then went to Appellant's home to buy $100.00 worth of crack cocaine. Upon arriving, Appellant told Officer Andela he would have to get the drugs from his supplier. Appellant then rode with Officer Andela and the confidential informant to a park where Appellant met with another individual. Officer Andela gave Appellant $100.00 and Appellant returned with crack cocaine.[5] Appellant was later arrested and charged with distribution of crack cocaine.

Prior to trial, on May 17, 2007, Appellant filed a "Motion to Separate Counts for Improper Joinder or In the Alternative Motion for Severance of Offenses." Appellant's motion was overruled by the trial court.

A jury trial was held on June 25–27, 2007, and, at the close of all the evidence, Appellant was convicted of possession, distribution, and keeping or maintaining a public nuisance. Appellant was acquitted of the trafficking charge. At the sentencing hearing on November 7, 2007, Appellant testified he "wanted to come to trial, you know, to prove my innocence on the trafficking" charge and he admitted he had committed the other crimes of which he was convicted. He was sentenced as previously set out. This appeal followed.

■ In his sole point relied on, Appellant maintains the trial court abused its discretion in overruling his "motion for severance and failing to sever the counts of possession, distribution, trafficking, and maintaining a public nuisance ...."[6] He asserts he was

4. The 38 packets tested positive as being crack cocaine and had a total weight of 9.07 grams. The plant material and contents of the cigarette were also determined to be marijuana.

5. The substance Appellant provided to Officer Andela was determined to be 0.54 grams of crack cocaine.

6. While the issue of improper joinder was raised before the trial court, Appellant has not alleged on appeal that joinder was improper; accordingly, we do not discuss that issue in

substantially prejudiced by the failure to sever the offenses, since the jury was likely to consider the evidence of one drug offense in considering whether he was involved in other drug offenses, and since the motion to sever claimed that [he] wanted to testify about one alleged offense but not the others. In fact, he did so at the sentencing phase of the jury trial, and accepted responsibility for two of the counts but not the others.

■ "Severance of offenses upon the basis of a motion is proper only where the defendant shows he will suffer substantial prejudice if the offenses are not tried separately." *State v. Bechhold,* 65 S.W.3d 591, 596 (Mo.App.2002). "No abuse of discretion exists in denying a motion to sever if the motion does not state sufficient facts demonstrating a particularized showing of substantial prejudice as required by both [section] 545.885[ ] [7] and Rule 24.07[ ] [8]." *State v. Kelley,* 953 S.W.2d 73, 81 (Mo.App. 1997). "In determining if prejudice exists, the court should consider, among other relevant factors, the number of offenses charged, the complexity of the evidence offered, and whether the trier of fact can realistically distinguish the evidence or apply the law to each offense." *Bechhold,* 65 S.W.3d at 597.

■ In the present matter, Appellant's motion set out the generalized allegation that the offenses should be severed because "[j]oinder of these offenses would result in substantial prejudice to [Appellant] because the jury would likely consider evidence of guilt on one charge as evidence of guilt[ ] on another charge." However, "[t]he general allegation that the jury would likely consider evidence of guilt on one charge as evidence of guilt on another charges does not meet the requirement of a particularized showing of substantial prejudice." *Bechhold,* 65 S.W.3d at 596–97; *see also State v. Hyman,* 37 S.W.3d 384, 394 (Mo.App.2001) (holding that where the defendant's allegation was "a mere generalized complaint

this opinion, except as it might impact the question of severance. *See State v. Simmons,* 158 S.W.3d 901, 909 (Mo.App.2005). We do note, however, that "whether joinder is proper or improper is a question of law," *State v. Morrow,* 968 S.W.2d 100, 109 (Mo. banc 1998), " 'while severance is within the trial court's discretion.' " *State v. Saucy,* 164 S.W.3d 523, 528 (Mo.App.2005) (quoting *State v. Tripp,* 939 S.W.2d 513, 517 (Mo.App. 1997)) (holding that " 'severance presupposes proper joinder and leaves to the trial court's discretion the determination of whether prejudice may or would result if charges properly joined were tried together' ").

7. Section 545.885 states in pertinent part:
1. Notwithstanding Missouri [Rule] 24.07, whenever two or more offenses are jointly charged in an indictment or information, the court shall order both or all offenses to be tried together.
2. If it appears that a defendant or the state is substantially prejudiced by a joinder of the offenses for trial, upon a written motion of the defendant or the state and

upon a particularized showing of substantial prejudice, the court may grant a severance of offenses or provide whatever relief justice requires. For purposes of this section, 'substantial prejudice' shall mean a bias or discrimination against the defendant or the state which is actually existing or real and not one which is merely imaginary, illusionary or nominal.

8. Rule 24.07 provides:
When a defendant is charged with more than one offense in the same indictment or information, the offenses shall be tried jointly unless the court orders an offense to be tried separately. An offense shall be ordered to be tried separately only if:
(a) A party files a written motion requesting a separate trial of the offense;
(b) A party makes a particularized showing of substantial prejudice if the offense is not tried separately; and
(c) The court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense.

... [it] fails to make any particularized showing of substantial prejudice"). "'It is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other-to satisfy the court that the claim of prejudice is genuine.'" *Simmons*, 158 S.W.3d at 909 (quoting *Bechhold*, 65 S.W.3d at 597). Furthermore, "'[t]he mere fact that juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one does not call for severance.'" *Bechhold*, 65 S.W.3d at 596 (quoting *State v. Spencer*, 50 S.W.3d 869, 879 (Mo.App.2001)). Additionally, from our review of the record it is clear that "the facts relevant to each offense were not complex and the proof offered on each charge was distinct and uncomplicated." *State v. Strauss*, 893 S.W.2d 890, 892 (Mo. App.1995). The elements of each offense were plainly set out in separate instructions. *Id.* Indeed, the jury showed that it could distinguish among all of the evidence presented when it *acquitted* Appellant on the trafficking charge. "There is no reason to think the jury could not distinguish the evidence relevant to each charge and apply the law to each." *Bechhold*, 65 S.W.3d at 598. Appellant has not shown he suffered substantial prejudice as a result of the offenses being tried together. There has been no demonstration that the trial court abused its discretion in overruling Appellant's motion to sever the offenses in the present matter. *Simmons*, 158 S.W.3d at 910. Point denied.

█ Lastly, in our review of the record in this case, it has come to our attention that the trial court disposed of this case by entering a "Judgment and Sentence to Division of Corrections on Plea of Guilty" where the record clearly shows a two-day jury trial was held and a jury verdict was entered on three charges with Appellant being acquitted on one charge. It is apparent that the "failure to memorialize accurately the decision of the trial court [and jury] as it was announced in open court [and demonstrated by the record] was clearly a clerical error." *State v. Taylor*, 123 S.W.3d 924, 931 (Mo.App.2004). "Rule 29.12 permits a trial court to correct such clerical errors in the judgment that obviously are a result of oversight or omission." *State v. Booyer*, 87 S.W.3d 926, 931 (Mo.App.2002). Accordingly, we remand this case with instructions to the trial court to enter a written judgment and sentence reflecting the fact that Appellant was convicted by a jury instead of pleading guilty. In all other respects, the judgment of the trial court is affirmed.

LYNCH, C.J., and BURRELL, J., concur.